## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

CALVIN LEE CRADDOCK                                    CIVIL ACTION

VERSUS                                                 NO. 10-2044

N. BURL CAIN, WARDEN                                   SECTION "N"(6)

### REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing.  For the reasons set forth below, it is recommended that the instant petition be **DENIED WITHOUT PREJUDICE** due to petitioner's failure to exhaust his state court remedies.

### I.  PROCEDURAL HISTORY

Petitioner, Calvin Lee Craddock, is a state prisoner presently incarcerated in the Louisiana State Penitentiary, Angola, Louisiana.  On June 8, 2005, petitioner was indicted

on the charge of aggravated rape.[1]  On September 13, 2006, following trial by jury in the Twenty-Second Judicial District Court for the Parish of St. Tammany, petitioner was found guilty as charged.[2]  On October 11, 2006, petitioner was sentenced to a mandatory sentence of life imprisonment at hard labor without benefit of parole, probation or suspension of sentence.[3]

Petitioner appealed his conviction and life sentence, raising the following claims for relief: 1) There was insufficient evidence to support his conviction; and, 2) the trial court erred in denying his motion for a speedy trial.[4]  On June 8, 2007, the Louisiana First Circuit Court of Appeal affirmed petitioner's conviction and sentence.  *State v. Craddock*, 958 So.2d 1219 (Table), No. 2007-KA-0123 (La. App. 1 Cir. June 8, 2007) (unpublished opinion).[5]  On January 11, 2008, the Louisiana Supreme Court denied petitioner's writ application, thereby rendering his conviction and sentence final.  *State v. Craddock*, 972 So.2d 1161 (La. 2008).

---

[1]State rec., vol. 1 of 4, pp. 2, 34.

[2]State rec., vol. 1 of 4, p. 159.

[3]State rec., vol. 3 of 4, pp. 650-654.

[4]Copies of the pleadings filed by petitioner in connection with his direct appeal proceedings are attached to petitioner's federal habeas application and are contained in the State rec., vol. 4 of 4.

[5]A copy of the state appellate court's unpublished opinion is attached to petitioner's federal habeas application and is contained in the State rec., vol. 4 of 4.

Following the completion of his direct appeal proceedings, petitioner sought post-conviction relief, raising the following claims:   1) The trial court erroneously allowed "hearsay and *Bruton* evidence" to be admitted and trial counsel failed to introduce into evidence favorable statements from a deceased witness; 2) trial counsel failed to interview the victim's mother and call her as a witness at trial; 3) trial counsel failed to secure expert testimony; 4) appellate counsel failed to argue "plain errors on the face of the record"; 5) trial counsel and appellate counsel failed to argue that the State, in order to "gain a conviction", introduced "elements and facts" which were not contained in the indictment; 6)  trial counsel failed to argue the issues of "flaws in [the] indictment", "constructive amendment", "duplicity", "double jeopardy", and "improper jury instruction"; and, 7) trial and appellate counsel "failed to challenge prosecutorial misconduct".[6]  Petitioner's efforts in this regard culminated on May 21, 2010, when the Louisiana Supreme Court denied his writ application. *State ex rel. Craddock v. State*, 36 So.3d 221 (La. 2010).

In the instant petition for federal habeas corpus relief, petitioner claims: 1) There was insufficient evidence to support the jury's guilty verdict; 2) the jury's verdict was not unanimous; 3) his motion for a speedy trial was improperly denied; 4) no ruling was issued with regard to his motion to quash; 5) the trial court improperly denied his notice to subpoena witnesses; 6) in closing arguments, the State improperly added "other crime evidence" to

---

[6]Copies of the pleadings petitioner filed in connection with his post-conviction proceedings are attached to his federal habeas application and are contained in the State rec., vol. 4 of 4.

secure a conviction; 7) counsel was ineffective in failing to successfully introduce favorable statements from a deceased witness; and, 8) the State failed to identify the victim in the indictment.  In its opposition memorandum (rec. doc. 21), the State concedes that the instant action is timely, but contends that petitioner has failed to exhaust his state court remedies.

## II.  ANALYSIS

It is well-established that a petitioner must exhaust his available state court remedies before proceeding to federal court for habeas relief.  28 U.S.C. § 2254 (b)(1)-(3); *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L.Ed.2d 379 (1982).  As the Supreme Court explained in *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971) (citations and quotations omitted):

> The exhaustion-of-state remedies doctrine ... reflects a policy of federal-state comity, ... an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights....  We have consistently adhered to this federal policy, for it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.

In his reply to the State's opposition memorandum, while petitioner admits "that claim no. 8 is unexhausted", he contends that his other claims are "fully exhausted."  (*See* rec. doc. 22, p. 3).  However, petitioner's contention is incorrect.  As noted above, while petitioner presented claims 1), 3), and 7) to the state courts, he did not raise claims 2), 4), 5),  6), and, by his own admission, claim 8).

In a situation such as this, where a petitioner presents a "mixed" habeas corpus petition, i.e., one containing both exhausted and unexhausted claims, the requirement, under *Lundy*, *supra*, that all habeas claims be fully exhausted, coupled with the one-year statute of limitations imposed under Section 2244(d)(1) of the AEDPA, can cause prescription problems. Such a problem arose in *Rhines v. Weber*, 544 U.S. 269, 275, 125 S.Ct. 1528, 1533, 161 L.Ed.2d 440 (2005), wherein the Supreme Court observed:

> As a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy's* dismissal requirement, petitioners who come to federal court with "mixed" petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims. If a petitioner files a timely but mixed petition in federal district court, and the district court dismisses it under *Lundy* after the limitations period has expired, this will likely mean the termination of any federal review.

While an obvious remedy to the above-described problem is for a federal court to stay a petitioner's habeas action until he exhausts his state court remedies, the Court warned against the wholesale embrace of such an approach, noting that the dual purpose of the AEDPA, enacted "against a backdrop of *Lundy's* total exhaustion requirement", is reducing the potential for delay in finalizing state court judgments and encouraging litigants to bring all their claims to state court before bringing them to federal court. *Rhines*, 544 U.S. at 276-77, 125 S.Ct. at 1534. The Court warned that staying federal habeas corpus petitions and holding them in abeyance, "if employed too frequently, has the potential to undermine [the above-described] twin purposes", explaining:

5

> Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition.

*Rhines*, 544 U.S. at 277, 125 S.Ct. at 1534.  With this in mind, the Court decreed:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, **stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court**.  [Emphasis added.]

*Rhines*, 544 U.S. at 277, 125 S.Ct. at 1535.

Having reviewed the pertinent pleadings and state court record, the court finds no good cause excusing petitioner's failure to exhaust his state court remedies.  Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the petition of Calvin Lee Craddock for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DENIED** without prejudice for failure to exhaust state remedies.[7]

It is further **RECOMMENDED** that petitioner's motion for stay and abeyance (rec. doc. 16) be **DENIED** in light of this court's finding that petitioner has failed to show the requisite "good cause" for failing to exhaust his state court remedies.

---

[7]If petitioner decides to abandon his unexhausted claims, he should notify the court of his decision within 14 days and the undersigned will consider the merits of his exhausted claims.

It is further **RECOMMENDED** that petitioner's motion for leave to file an amended complaint (rec. doc. 17) for the purpose of adding additional arguments in support of one of his unexhausted claims, specifically, claim 8), be **DENIED** in light of this court's finding that claim 8) is not properly before the court.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996).[8]

New Orleans, Louisiana, this __8th__ day of ___February___, 2011.

LOUIS MOORE, JR.

UNITED STATES MAGISTRATE JUDGE

---

[8]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.